IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Criminal Action No. 06-79-GMS |
| RITCHIE JACKSON, : | |
| Defendant. : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by Colm F. Connolly, United States Attorney for the District of Delaware, and Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and the defendant, Ritchie Jackson, by and through his attorney, R. Kerry Kalmbach, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Ritchie Jackson, agrees to plead guilty to Counts Two and Three of the Indictment. Count Two of the Indictment charges the defendant with bank fraud in violation of Title 18, United States Code, Section 1344 which carries a maximum penalty of 30 years imprisonment, a $1,000,000 fine, 5 years supervised release and a $100 special assessment. Count Three charges the defendant with aggravated identity theft in violation of Title 18, United States Code, Section 1028A which carries a maximum penalty of a mandatory two year consecutive term of incarceration, up to a $250,000 fine, one year supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count Two of the Indictment, bank fraud in

violation of 18 U.S.C. § 1344: (a) that on or about the dates set forth in the Indictment, there was a scheme to obtain moneys under the custody and control of a bank; (b) that the defendant executed the scheme with the intent to defraud the bank or with an intent to deceive the bank in order to obtain from it money or other property; and (c) that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation or FDIC. The defendant further understands that if there were a trial, the government would have to prove the following elements with respect to Count Three of the Information, aggravated identity theft in violation of 18 U.S.C. § 1028A: (a) the defendant knowingly used, without lawful authority, a means of identification of another person; and (b) the defendant used the means of identification of another person during and in relation to a violation of 18 U.S.C. § 1344, the bank fraud statute.

  3.  The defendant admits that he is in fact guilty of the offenses described in paragraph one.

  4.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing

guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, (a) the United States agrees not to contest a reduction under USSG §3E1.1(a) based on the defendant's conduct to date; and (b) if the Court determines that the defendant's offense level is 16 or higher, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

6. The defendant agrees to pay the $200 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. At the time of sentencing, the United States agrees to move to dismiss Count One of the Indictment returned against the defendant on July 13, 2006.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written document signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

```
                                        COLM F. CONNOLLY
                                        United States Attorney

_____              BY: _____
Ritchie Jackson                         Beth Moskow-Schnoll
Defendant                               Assistant United States Attorney


_____
R. Kerry Kalmbach
Attorney for Defendant
```

Dated: December 18, 2007

AND NOW, this 18th day of Dec., 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

```
                                        _____
                                        HONORABLE GREGORY M. SLEET
                                        Chief United States District Court Judge
```

FILED

DEC 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4